UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-21158-CR-JORDAN/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOEL STEINGER, STEVEN STEINGER
and ANTHONY LIVOTI, JR.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the United States' Motion for Protective Order (DE# 427, 5/27/11), United States' Second Motion for Protective Order (Re: the "Joel Steinger-Peter Lombardi House") (DE# 435, 6/3/11), United States' Third Motion for Protective Order (Re: the "Steven Steiner-Henry Fecker Vacation House") (DE# 438, 6/8/11) and Motion to Dismiss United States' First Bill of Particulars as to Forfeiture (Re: the "Joel Steinger-Peter Lombardi House") (DE# 445, 6/17/11). Having held a hearing on September 26, 2011 and carefully considered the applicable filings and the law, the undersigned respectfully recommends that the United States' Motion for Protective Order (DE# 427, 5/27/11), United States' Second Motion for Protective Order (Re: the "Joel Steinger-Peter Lombardi House") (DE# 435, 6/3/11) and the United States' Third Motion for Protective Order (Re: the "Steven Steiner-Henry Fecker Vacation House") (DE# 438, 6/8/11) be **GRANTED** and that the Motion to Dismiss United States' First Bill of Particulars as to Forfeiture (Re: the "Joel Steinger-Peter Lombardi House") (DE# 445, 6/17/11) be **DENIED** for the reasons stated herein.

**DISCUSSION**

The government has filed the instant motions for protective order. See United States' Motion for Protective Order (DE# 427, 5/27/11), United States' Second Motion for Protective Order (Re: the "Joel Steinger-Peter Lombardi House") (DE# 435, 6/3/11) and the United States' Third Motion for Protective Order (Re: the "Steven Steiner-Henry Fecker Vacation House") (DE# 438, 6/8/11). The first and third motions for protective order are not contested by the defendants. Accordingly, the undersigned recommends that the Court grant those motions and enter the government's proposed orders.

The second motion for protective order concerns defendant Joel Steinger's residence in Fort Lauderdale, Florida (hereinafter "Steinger Residence") and is heavily contested by Mr. Steinger. The parties dispute whether the Court should issue a protective order to prevent Mr. Steinger from selling the Steinger Residence. There are numerous encumbrances on the Steinger Residence including a first mortgage held by Citibank in the amount of approximately $350,000, an IRS lien in the amount of $1,535,792, a second mortgage in the amount of approximately $150,000 held by a law firm which performed legal services in Mr. Steinger's divorce proceedings and a mortgage held by Mr. Steinger's counsel in this case in the amount of $2.75 million to secure legal services in the instant case. See  Motion to Dismiss United States' First Bill of Particulars as to Forfeiture (Re: the "Joel Steinger-Peter Lombardi House") (DE# 445 at 2, 14,  6/17/11). There is also an outstanding judgment from a class action lawsuit against Mr. Steinger. Id. at 6 n. 5.

Section 853(e), United States Code, Title 21 provides a pre-trial mechanism through which the government can preserve the availability of property for forfeiture

2

upon the conviction of a defendant. The indictment in the instant case contains forfeiture claims. It states, in part:

> 1. Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 853, upon conviction of the violations alleged in Counts 1-24 of this indictment, the defendants **JOEL STEINGER,** and **STEVEN STEINER** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.
>
> 2. Pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853, upon conviction of the violations alleged in Count 25, defendants **JOEL STEINGER,** and **STEVEN STEINER** shall forfeit to the United States any property, real or personal, involved in the afore stated offense(s) or any property traceable to such property. . . .

Indictment (DE# 3 at 29, 1/6/09). The indictment does not specifically list the Steinger Residence. Id.  On June 3, 2011, the government filed United States' First Bill of Particulars as to Forfeiture (Re: The "Joel Steinger-Peter Lombardi House") (DE# 434, 6/3/11) indicating that it would seek the forfeiture of the Steinger Residence if Mr. Steinger is convicted. Attached to the government's First Bill of Particulars is an affidavit by FBI Special Agent Chanin L. Waterman attesting to the nexus between the charges in the indictment and the Steinger Residence. See Affidavit of Chanin L. Waterman (DE# 435-1, 6/3/11).

Mr. Steinger asks that the Court hold a hearing to determine his counsel's status as a bona fide purchaser for value (BFP). See Motion to Dismiss United States' First Bill of Particulars as to Forfeiture (Re: the "Joel Steinger-Peter Lombardi House") (DE# 445 at 6, 6/17/11). Mr. Steinger further argues that the government's motion for protective order should be denied and he should be permitted to sell the Steinger Residence and distribute the proceeds of that sale to BFPs including his counsel. Id. at 7. Mr. Steinger

3

emphasizes that he personally would not receive any funds from the sale of the residence because of the numerous encumbrances on the property. Mr. Steinger further argues that he has a binding agreement with the Department of Justice and the United States Attorney's Office for the Southern District of Florida to permit the arms-length sale of the Steinger Residence with the proceeds of that sale to pay certain lienholders including Mr. Steinger's counsel in the instant case. Id. at 2. Alternatively, Mr. Steinger argues that the government should be estopped from seeking forfeiture of the Steinger Residence based upon its own affirmative actions and misconduct which induced detrimental reliance by Mr. Steinger's present counsel. Id.[1]

The government maintains that it has met the requirements of 21 U.S.C. § 853(e) and Mr. Steinger is not entitled to use forfeitable assets to pay for legal representation. See United States v. Bissell, 866 F.2d 1343, 1350 (11th Cir. 1989) (stating that "21 U.S.C. § 853 reaches all illegal funds, including those earmarked for payment to attorneys."). The government also argues that the defendant's estoppel argument is not yet ripe.

The undersigned finds that the government is entitled to a protective order pursuant to 21 U.S.C. § 853(e) with respect to the Steinger Residence. The government has shown a nexus between the charged offenses and the Steinger Residence. See Affidavit of Chanin L. Waterman (DE# 435-1, 6/3/11). The undersigned finds that Mr.

---

[1] At the September 26, 2011 hearing, the undersigned admitted into evidence a letter dated June 19, 2008 from defendant Joel Steinger's counsel to the government. See Steinger Exhibit 1. The letter states that the Steinger Residence was for sale and that the equity in the home could be used to secure a bond. Id. The letter precedes the indictment by approximately six months.

4

Steinger is not entitled to a hearing under Bissell and United States v. Kaley, 579 F.3d 1246 (11th Cir. 2009) prior to the issuance of that protective order. The undersigned is also not persuaded by Mr. Steinger's estoppel argument under United States v. McCorkle, 321 F.3d 1292 (11th Cir. 2003) for the reasons stated below.

Mr. Steinger argues that he is entitled to a hearing prior to the entry of the protective order under Bissell and Kaley to determine whether Mr. Steinger's counsel is a BFP.[2] Mr. Steinger further states that if the Court determines that counsel is a BFP, then the Court should deny the government's motion for protective order and allow the Steinger Residence to be sold and the proceeds of that sale to be distributed to the lienholders. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)). The Eleventh Circuit has recognized that one exception to the hearing requirement exists where the government seeks to forfeit property: "[t]he Fifth Amendment generally prohibits the deprivation of property without a prior hearing . . . but one exception to the need for a **prior** hearing exists when the government seizes items subject to forfeiture." Bissell, 579 F.3d at 1352 (emphasis in original; citation omitted). Thus, the Eleventh Circuit concluded that the defendants "had no right to a hearing **before the government**

---

[2] The purpose of a post-restraint hearing under Bissell is "to determine whether assets described in the forfeiture count of the indictment were wrongfully seized (or placed under the restraint of a protective order)." Kaley, 579 F.3d at 1257. "[T]he hearing [is] not . . . to determine guilt or innocence but, rather, to determine the propriety of the seizure." Id. The burden of proof at such a hearing is squarely on the defendant. Id.

**restrained their assets**." Id. (emphasis added). The issue in Bissell was whether the defendants "had a right to an immediate post-restraint hearing." Id. Thus, nothing in Bissell precludes the Court from issuing the protective order without a prior hearing.[3]

The Eleventh Circuit in Bissell recognized that "[a]s a consequence of the provisions in section 853, an attorney retained to defend one whose assets are subject to forfeiture and restraint may go uncompensated. This would be the case where . . . all of the defendant's assets are alleged to be subject to forfeiture and are thus unavailable for any use." Bissell, 866 F.2d at 1349. Nonetheless, the Eleventh Circuit concluded that "21 U.S.C. § 853 reaches all illegal funds, including those earmarked for payment to attorneys." Id. at 1350. This Court has already noted that Mr. Steinger's counsel undertook a risk when he accepted a mortgage on the Steinger Residence. See Sealed Order (DE# 479 at 4, 9/13/11).

If Mr. Steinger wishes to obtain a post-restraint hearing, he shall file a motion addressing his entitlement to such a hearing under the four factors of Bissell. The defendant shall also address and support by case law what he believes the Court should determine at the post-restraint hearing – i.e. whether the hearing is limited to probable cause, estoppel[4] or whether the defendant's counsel qualifies as a BFP. The

---

[3] Similarly in Kaley, the government obtained a protective order ex parte. Kaley, 579 F.3d at 1250. The defendants then sought to vacate the protective order and requested a pretrial, post-restraint hearing. Thus, neither Bissell nor Kaley support Mr. Steinger's request for a hearing prior to the issuance of the protective order.

[4] The undersigned notes that based on the record presented thus far, Mr. Steinger would not be successful on the estoppel issue. As stated in McCorkle, "[t]o make out a claim of estoppel against the [g]overnment, a party must adduce evidence of the following: (1) words, conduct, or acquiescence that induces reliance; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; (3) detrimental reliance; and (4) affirmative misconduct by the [g]overnment." Id. at 1297 (citing Tefel v. Reno, 180 F.3d 1286, 1302-04 (11th Cir.1999)). Even assuming, arguendo, that Mr. Steinger could establish the first three prongs of McCorkle, Mr.

government shall then respond to the defendant's arguments.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the United States' Motion for Protective Order (DE# 427, 5/27/11), United States' Second Motion for Protective Order (Re: the "Joel Steinger-Peter Lombardi House") (DE# 435, 6/3/11) and the United States' Third Motion for Protective Order (Re: the "Steven Steiner-Henry Fecker Vacation House") (DE# 438, 6/8/11) be **GRANTED** and that the Motion to Dismiss United States' First Bill of Particulars as to Forfeiture (Re: the "Joel Steinger-Peter Lombardi House") (DE# 445, 6/17/11) be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1)(B) and (c), the parties may serve and file written objections to this Report and Recommendation with the Honorable Adalberto Jordan, United States District Judge, within fourteen (14) days of receipt of a copy of this Report and Recommendation. See Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **29th** day of September, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Jordan
All counsel of record

---

Steinger would not be able to satisfy the fourth prong – affirmative misconduct by the government. Based on the argument of counsel and the facts proffered by the parties, if the Court held an evidentiary hearing on the McCorkle factors, at best, Mr. Steinger may be able to show that one of the prosecutors represented to Mr. Steinger's counsel that the government would not be seeking the forfeiture of the Steinger Residence. (At the September 26, 2011 hearing, the government stated that no such representation was made). This representation is insufficient to show affirmative misconduct by the government. In McCorkle, the Eleventh Circuit concluded that even if the prosecutor had told the co-defendant's counsel that the government would not seek forfeiture, this representation "did not meet the requirement that [the movant] demonstrate affirmative misconduct by the [g]overnment." Id. at 1297. Thus, based on what has been presented thus far, Mr. Steinger would not be able to prevail on his estoppel argument even if the Court held an evidentiary hearing on the estoppel issue.