**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 08-cr-21158-RNS**

UNITED STATES OF AMERICA,

vs.

JOEL STEINGER, et al.,

    Defendants.
_____/

**FINAL ORDER ON MICHAEL STEINGER'S MOTION TO SET
ASIDE FORFEITURE OF JOEL STEINGER'S APPEARANCE BOND**

THIS MATTER is before the Court on Michael Steinger's Motion to Set Aside the Revocation, Estreature and Forfeiture of Joel Steinger's $500,000 Ten Percent Deposit Bond and to Nullify the Final Judgment of Forfeiture of the Ten Percent Bond and the $50,000 Deposit [ECF No. 713]. For the reasons stated below, this Motion is granted.

**Introduction**

Third-party Michael Steinger, son of Defendant Joel Steinger, moves pursuant to Federal Rule of Criminal Procedure 46, to set aside the forfeiture of Defendant's ten percent appearance bond and the $50,000 posted in the Court Registry. In short, Michael Steinger seeks the return of the $50,000 he deposited with the Court on the Defendant's appearance bond that was forfeited after Defendant violated the law. Michael Steinger was not a surety and did not sign onto, and agree to be bound by, all the conditions of Defendant's bond.

The Court held a hearing on this Motion on September 6, 2012, at which time it received argument from Michael Steinger, through counsel, and the Government. The Court thereafter entered a Non-Final Order [ECF No. 734] finding that Michael Steinger had standing to obtain an Order setting aside the forfeiture. The Court agreed with the Government, however, that insufficient evidence existed in the record to definitely know whether the $50,000 at issue "belonged to" Michael Steinger, or whether it was merely "posted by" him. The distinction is important because if the money was his father's and not his, then he would not be entitled to its return. The Court therefore tasked Michael Steinger with demonstrating the money was his and not his father's. If he could do so, the Court indicated that it would enter an Order setting aside the forfeiture and requiring the return of the $50,000.

By phone call to Chambers on October 17, 2012, and by Notice [ECF No. 751] filed on the record that same day, the Government has indicated that it received and reviewed documentation from Michael Steinger and that there is no need for further hearing as to whether the funds belong to him. The Government represents that it "is not seeking further documentation from Michael Steinger." Notice at 1.

## Legal Standard

Federal Rule of Criminal Procedure 46(f)(2) permits the Court to set aside a bond forfeiture, if the Court determines that justice does not require such forfeiture. *See United States v. Gonzalez*, 2011 WL 4537132, at *1 (11th Cir. Oct. 3, 2011) (district court has "virtually unbridled discretion" in dealing with matters of bond forfeiture under Fed. R. Crim. P. 46(f)(2) and (f)(4)); *United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir. 1987) ("district judge [has] virtually unbridled discretion in granting motions to remit bond forfeiture," and "[h]is decision may only be overturned upon a finding of arbitrary and capricious abuse of discretion").

## Discussion

The Government has indicated its satisfaction with the documentation Michael Steinger provided. As such, the Government is no longer contesting that the funds belong to Michael Steinger. Therefore, consistent with the Court's prior Order, Michael Steinger is entitled to have the forfeiture set aside and to receive a return of the $50,000 at issue.

## Conclusion

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Michael Steinger's Motion to Set Aside the Revocation, Estreature and Forfeiture of Joel Steinger's $500,000 Ten Percent Deposit Bond and to Nullify the Final Judgment of Forfeiture of the Ten Percent Bond and the $50,000 Deposit [ECF No. 713] is **GRANTED** to the extent it is seeking return of the $50,000 deposit to Michael Steinger. The forfeiture of the funds in question is therefore **SET ASIDE**. The Clerk is directed to return the **$50,000** at issue, plus any accrued interest, to **Michael Steinger**, forthwith. The forfeiture of the $500,000 bond as to Joel Steinger remains in place.

2. In light of this Order, the hearing set for **October 18, 2012 at 9 a.m.** to present evidence bearing of the source of the $50,000 is now **CANCELLED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on October 17, 2012.

                                                    ROBERT N. SCOLA, JR.
*Copies to:*                        **UNITED STATES DISTRICT JUDGE**
Counsel of Record;
Counsel for Michael Steinger ;
Clerk's Office, Financial Section