UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-21158-CR-SCOLA**

UNITED STATES,

    Plaintiff,
vs.

JOEL STEINGER *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECUSAL

This is the second time a judge in this district reviews grounds for recusal in this case. In a thoughtful order, Judge Adalberto J. Jordan denied Defendants' motion to disqualify him. Now as Judge Jordan is on the Eleventh Circuit Court of Appeals, this four-year old criminal case has been assigned to Judge Robert N. Scola. Still pending is whether recusal of the entire Southern District of Florida bench is required due to bench's professional and personal ties to former United States Attorney R. Alexander Acosta, former Governor Charlie Crist, former United States Senator George LeMieux, and former General Counsel to the Florida Governor Paul C. Huck, Jr.. After carefully considering the statutory standards, the Court concludes that the motion for judicial disqualification and recusal should be denied.

THIS CAUSE came before the Court upon Defendants' Motion to Recuse All District Court Judges for the Southern District of Florida **(D.E. No. 59)**, filed on **January 16, 2009**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons stated in this order.

## I. Background

The government charges the Defendants in this case in a viatical fraud scheme at Mutual Benefits that eventually caused victims over $287 million in damages. The criminal case is currently before Judge Scola. The purported grounds for recusal stem from a fabricated incident involving Alan Mendelsohn, a Republican political fundraiser. Mr. Mendelsohn has pled guilty and admitted that his statements were false.

Alan Mendelsohn approached Joel Steinger in May 2007 stating that in exchange for significant campaign contributions made to specific political action committees, former Florida Governor Charlie Crist and members of his staff would pressure then United States Attorney R. Alexander Acosta to close the investigation against Defendant Joel Steinger and the Mutual Benefits Corporation. Mendelsohn also guaranteed that Mr. Crist would recruit former U.S. Senator Mel Martinez and former United States Attorney Roberto Martinez to help persuade Mr. Acosta to drop the criminal investigation.

To add credence to his fraudulent assertions, Mendelsohn assured Defendants Steinger and Steiner that he had succeeded in having cases dropped in the past. He asserted that in 2003, he had bribed at-the-time Florida Attorney General Crist and his then chief-of-staff George LeMieux to persuade the State of Florida to close a criminal investigation. He boasted that he bribed Mr. Crist and Mr. LeMieux, in the presence of Paul C. Huck, Jr., son of Southern District of Florida District Judge Paul C. Huck, who has recused in this case.

The Department of Justice investigated Mr. Mendelsohn's story after receiving a report from Defendants Steinger and Steiner. The Public Integrity Section investigated and cleared all the government officials of any participation and found Mr. Mendelsohn had manufactured the whole

story. Eventually, Mr. Mendelsohn pled guilty and admitted his statements were false on December 9, 2010. *See United States v. Alan D. Mendelsohn*, Case No. 09-CR-60257-ZLOCH (D.E. No. 66, Transcript of Plea Colloquy).

## II. Legal Standard

Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia*. *Ray v. Equifax Information Servs., LLC*, 327 Fed. App'x. 819, 824 (11th Cir. 2009). Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality. *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000). In this case, Defendants' motion to recuse is pursuant to sections 455(a) and 455(b)(5).

## III. Legal Analysis

A. *Motion to Recuse under 28 U.S.C. § 455*

Section 455(a) requires a district judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). Section 455(b)(5)(iii) requires judges to disqualify themselves where the judge has a person within the third degree of relationship who "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." *See* 28 U.S.C. § 455(b)(5)(iii). Defendants have moved to recuse the entire bench of the Southern District of Florida based on these statutory provisions.

Applying these principles to the facts of this case is not difficult. As Judge Jordan aptly explained in his order denying the motion to recuse him, this is not a case where Mr. Steinger and Mr. Steiner made accusations about Mr. Acosta, Mr. Huck, Jr. or any other government official.

Rather, the Defendants accurately reported their conversations with Mr. Mendelsohn to the Public Integrity Section. That section uncovered that Mr. Mendelsohn, and not the Defendants in this case, created the false accusations. The Public Integrity Section also cleared the government officials of any wrongdoing. That Mr. Mendelsohn manufactured the whole story only shows there is no reason for judges in the Southern District to be partial against Mr. Steinger or Mr. Steiner. Even assuming that every judge in this District had close professional ties to Mr. Acosta, Mr. Huck, Jr., Mr. Crist, Mr. LeMieux, and Mr. Martinez, those ties alone are insufficient, especially on these facts, to warrant recusal under the statute. Accordingly, the motion for recusal of the Southern District of Florida bench is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of January, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Honorable Robert. N. Scola
Counsel of Record